UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NORCO CONSTRUCTION INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 25-cv-11512-ADB |
| | * | |
| REGENCY PARK CONDOMINIUM | * | |
| TRUST, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff Norco Construction Inc. ("Plaintiff") brings this action against Defendant Regency Park Condominium Trust ("Defendant"), asserting breach-of-contract, unjust-enrichment, and quantum meruit claims, as well as a claim to enforce a mechanic's lien under Mass. Gen. Laws ch. 254, § 11.  [ECF No. 1 ("Complaint" or "Compl.")].  Before the Court is Defendant's partial motion to dismiss Count IV of the Complaint, that is, the claim to enforce the mechanic's lien, for failure to state a claim.  For the reasons set forth below, Defendant's motion is **GRANTED**.

I.    BACKGROUND

The following facts are drawn from the Complaint.  For purposes of this motion, the Court "accept[s] as true all well-pleaded facts alleged in the complaint and draw[s] all reasonable inferences therefrom in the pleader's favor." Lawrence Gen. Hosp. v. Cont'l Cas. Co., 90 F.4th 593, 598 (1st Cir. 2024) (quoting Lanza v. Fin. Indus. Regul. Auth., 953 F.3d 159, 162 (1st Cir. 2020)).

Defendant owns and manages the common areas in a condominium building in Brookline, Massachusetts.  [Compl. ¶ 5].  On March 29, 2023, Defendant entered into a contract with Plaintiff, under which Plaintiff was to perform construction and renovation work and supply materials for the building.  [Id. ¶ 7].  Under the contract, the estimated commencement date was June 1, 2023, with an anticipated completion date of February 1, 2024.  [Id. ¶ 9].  Plaintiff claims that Defendant and material suppliers caused delays that made it impossible for Plaintiff to finish the work by the anticipated completion date.  [Id. ¶ 10].  On March 15, 2024, Plaintiff advised Defendant that, as a result of the delays, the new anticipated completion date was July 1, 2024. [Id. ¶¶ 11–12].  Plaintiff also submitted to Defendant "monthly change orders" of $26,532 per month "for fees and insurance incurred and caused" by the delays from March 2024 to July 2024.  [Id. ¶ 13].  Defendant did not respond to Plaintiff, or to any of Plaintiff's subsequent communications, even though Plaintiff warned that "the sums due were increasing."  [Id. ¶¶ 14–18].  On August 31, 2024, Plaintiff tendered an application seeking payment of $337,946.  [Id. ¶ 19].  In total, Plaintiff now seeks $413,602.77 "inclusive of all fees, invoices, storage charges and general conditions, plus interest at 10% per annum from March 15, 2024 plus costs, disbursements and attorneys' fees."  [Id. ¶ 25].

2

On October 4, 2024, before initiating this lawsuit, Plaintiff filed a notice of contract in the Norfolk County Registry of Deeds, serving it on Defendant on October 14, 2024.  [Compl. ¶ 22].  On November 8, 2024, Plaintiff filed a statement of account in the Norfolk County Registry of Deeds, serving it on Defendant on November 12, 2024.  [Id. ¶ 23].

On February 3, 2025, Plaintiff initiated the instant action by filing the Complaint in the United States District Court for the Eastern District of New York.  [Compl.].  In the Complaint's "fourth cause of action," Plaintiff seeks an order foreclosing on Defendant's interest in the condominium building for $337,946 under Mass. Gen. Laws ch. 254, § 11.  [Id. ¶¶ 37–46].  Plaintiff then filed a copy of the Complaint in the Norfolk Registry of Deeds, which was received and recorded on February 18, 2025.  [ECF No. 25-3].

On March 26, 2025, Defendant filed a motion to dismiss for lack of personal jurisdiction and improper venue, [ECF No. 9], which Plaintiff opposed on April 8, 2025, [ECF No. 10].  On May 13, 2025, the parties filed a joint stipulation requesting transfer of the action to the District of Massachusetts, [ECF No. 13], and the action was transferred to this Court on May 15, 2025, [ECF No. 15].  On June 18, 2025, Defendant filed the instant motion to dismiss Count IV of the Complaint for failure to state a claim, [ECF No. 24], which Plaintiff opposed on July 3, 2025, [ECF No. 26].

## II.    LEGAL STANDARD

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded facts as true, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable factual inferences in favor of the plaintiff.  See Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019).  "[D]etailed factual allegations" are not required, but the complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007), and must contain "factual allegations, either direct or

inferential, respecting each material element necessary to sustain recovery under some actionable

legal theory," Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (citation modified)

(quoting Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)).

The alleged facts must be sufficient to "state a claim to relief that is plausible on its face."

Twombly, 550 U.S. at 570.

III.      DISCUSSION

Defendant moves to dismiss Count IV of the Complaint, in which Plaintiff seeks to

enforce a mechanic's lien by foreclosing on Defendant's interest in the condominium building

under Mass. Gen. Laws ch. 254, § 11.  Chapter 254 "provides that a debt due to a person who

performs labor or supplies material for the improvement of real estate by agreement . . . is

secured by a mechanic's lien."  E. Coast Steel Erectors, Inc. v. Ciolfi, 632 N.E.2d 397, 400

(Mass. 1994).  "The lien's primary purpose is 'to provide security to contractors, subcontractors,

laborers, and suppliers for the value of their services and goods provided for improving the

owner's real estate.'"  Id. (quoting Hammill-McCormick Assocs., Inc. v. New England Tel. &

Tel. Co., 505 N.E.2d 883, 884 (Mass. 1987)).  "A mechanic's lien is a statutory creation and can

be enforced only by strict compliance with the statute," Nat'l Lumber Co. v. United Cas. & Sur.

Ins. Co., 802 N.E.2d 82, 85 (Mass. 2004) (citations omitted), and the statute is "strictly construed

against the party claiming the lien," Ng Bros. Const., Inc. v. Cranney, 766 N.E.2d 864, 869

(Mass. 2002).  "Although not every procedural mistake is fatal, failure to comply normally

results in dissolution of the lien, or in failure of the lien to attach." Mullen Lumber Co. v. Lore,

537 N.E.2d 123, 125 (Mass. 1989) (citations omitted).

Defendant argues that Count IV should be dismissed because Plaintiff has failed to

comply with two statutory requirements contained in Mass. Gen. Laws ch. 254, § 5:  (1) a

mechanic's lien "shall be enforced by a civil action brought in the superior court for the county

where [the underlying] land lies," and (2) "[a]n attested copy of the complaint . . . shall be filed

in the registry of deeds and recorded . . . within thirty days of the commencement of the action,

or such lien shall be dissolved."  [ECF No. 25 at 3].  In support, Defendant asserts that Plaintiff

failed to comply with the statute because (1) Plaintiff filed its complaint not in Norfolk County

Superior Court, but in the United States District Court for the Eastern District of New York, and

(2) the copy of the complaint that Plaintiff filed and recorded with the Norfolk County Registry

of Deeds was not "attested."  [Id. at 4]; see also [ECF No. 25-3 (recorded copy of Complaint)].[1]

Plaintiff counters that this Court has subject-matter jurisdiction over the Complaint and/or

supplemental and ancillary jurisdiction over Count IV, and that "Defendant and the world

are . . . on notice of this action as a full and complete copy of the complaint . . . was docketed

with the County Clerk."  [ECF No. 26 at 1–4].  Although the parties' exiguous briefing on these

issues leaves much to be desired, the Court ultimately agrees with Defendant's second argument

and thus dismisses Count IV.

On Defendant's first argument, although Mass. Gen. Laws ch. 254, § 5 does, by its terms,

require an action to enforce a mechanic's lien to be brought in state court, it is well-settled law

---

[1] Although the copy of the Complaint filed in the Norfolk Registry of Deeds is understandably
not attached to the Complaint itself, the Court may consider it in resolving Defendant's motion to
dismiss.  Roberts v. Islam, No. 14-cv-12288, 2015 WL 13286824, at *3 n.5 (D. Mass. May 20,
2015).

that federal courts' diversity jurisdiction "cannot be impaired by laws of the States which

prescribe the modes of redress in their courts, or which regulate the distribution of their judicial

power." Barr, Inc. v. Northbrook Vill. II, Inc., No. 13-cv-40134, 2014 WL 13109639, at *2 (D.

Mass. Apr. 30, 2014) (quoting Hess v. Reynolds, 113 U.S. 73, 79 (1885)) (rejecting argument

that federal court "does not have the authority to enforce the mechanic's lien, and [plaintiff's]

failure to file a civil action within the proper state court dissolves the mechanic's lien on the

property"); see also Zahn v. N. Am. Power & Gas, LLC, 815 F.3d 1082, 1087 (7th Cir. 2016)

("Only Congress has the constitutional authority to limit the district court's jurisdiction, which,

in this case, would require the altering of 28 U.S.C. § 1332."); Markham v. City of Newport

News, 292 F.2d 711, 716 (4th Cir. 1961) ("The laws of a state cannot enlarge or restrict the

jurisdiction of the federal courts."). Thus, the fact that Plaintiff seeks to enforce its mechanic's

lien in federal, not state court, is not an obstacle to this Court's exercise of jurisdiction or

Plaintiff's ability to state a claim on Count IV.

The Court does hold, however, that Plaintiff's failure to comply with the other

requirement of Mass. Gen. Laws ch. 254, § 5 requires dismissal of Count IV of the Complaint.

Specifically, the statute requires that a plaintiff seeking to enforce a mechanic's lien file an

"attested copy" of the complaint in the appropriate registry of deeds. Mass. Gen. Laws ch. 254,

§ 5; see also City Elec. Supply Co. v. Arch Ins. Co., 119 N.E.3d 735, 741 (Mass. 2019)

("[P]ursuant to [Mass. Gen. Laws ch. 254, § 5], the recording of a complaint is one of several

steps necessary to perfect a lien."). The purpose of this requirement is to "ensure 'that an

enforcement action may readily be identified through routine title searching procedures.'"

Golden v. Gen. Builders Supply LLC, 807 N.E.2d 822, 828 (Mass. 2004) (quoting Nat'l Lumber

Co., 723 N.E.2d at 15–16). The parties have not cited, and this Court has not located, any

decisions by the Massachusetts Supreme Judicial Court that directly address what is required for a copy of a complaint to qualify as "attested," so the Court "endeavor[s] to predict how that court would likely decide the question." Butler v. Balolia, 736 F.3d 609, 613 (1st Cir. 2013); see also Ken's Foods, Inc. v. Steadfast Ins. Co., 36 F.4th 37, 41 (1st Cir. 2022) ("When considering a difficult state law question on which the highest court of the state has not spoken directly, 'we are free to make our own best guess as to Massachusetts law.'" (quoting Liberty Mut. Ins. Co. v. Metro. Life Ins. Co., 260 F.3d 54, 65 (1st Cir. 2001))).

In general, "[a]n 'attested' copy of a document is one which has been examined and compared with the original, with a certificate or memorandum of its correctness, signed by the persons who have examined it." Commonwealth v. Deramo, 762 N.E.2d 815, 821 (Mass. 2002) (quoting Black's Law Dictionary 127–28 (6th ed. 1990)); see also id. ("[T]o qualify as an 'attested' copy, there must be 'a written and signed certification that it is a correct copy.'" (quoting Henderson v. United States, 778 F. Supp. 274, 277 (D.S.C. 1991))). Moreover, to be admissible in Massachusetts state court, out-of-state judicial records, such as the complaint at issue here, which was filed in the Eastern District of New York, must generally be "authenticated by the attestation of the clerk or other officer who has charge of the records of such court under its seal." Mass. Gen. Laws ch. 233, § 69; see also Deramo, 762 N.E.2d at 820–21 ("Under [Mass. Gen. Laws ch. 233, § 76], as under [Mass. Gen. Laws ch. 90, § 30], and [Mass. R. Crim. P. 40(a)(1)], authentication of a copy of an official record requires that the officer in charge of keeping the original record 'attest' to the authenticity of the copy."); Portland Me. Pub. Co. v. E. Tractors Co., 193 N.E. 888, 890 (Mass. 1935) (holding that, for purposes of Mass. Gen. Laws ch. 233, § 69, "[t]he clerk is the proper custodian of the records of a court, and the seal of the court attached to his certificate attests the possession of the records in the person who certifies, and a

7

record so certified is admitted under our statutes without further proof" (quoting <u>Willock v. Wilson</u>, 59 N.E. 757, 759 (Mass. 1901))).  Here, there is no indication that the copy of the complaint that Plaintiff filed in the Norfolk County Registry of Deeds "has been examined and compared with the original" nor is there any "certificate or memorandum of its correctness," <u>Deramo</u>, 762 N.E.2d at 821, so it does not satisfy the statutory requirement of being "attested."

Plaintiff's insistence that "Defendant and the world" were on notice of this action when it filed the unattested copy of the Complaint in the Norfolk County Registry of Deeds, [ECF No. 26 at 4], does not change the Court's conclusion.  Although it may be true that Plaintiff's unattested copy of the Complaint satisfied the statute's ultimate purpose of putting "the world" on notice of this enforcement action, <u>see</u> <u>Golden</u>, 807 N.E.2d at 828, the Massachusetts Supreme Judicial Court has repeatedly emphasized that mechanic's liens can be enforced only in "strict compliance" with the statute, <u>Nat'l Lumber Co.</u>, 802 N.E.2d at 85, and that courts are required to construe the statute "strictly . . . against the party claiming the lien," <u>Ng Bros. Const., Inc.</u>, 766 N.E.2d at 869.  Thus, here, the fact that the unattested copy of the complaint "contained all the information that would have been contained in the [attested copy of the complaint]" does not excuse Plaintiff's failure to comply with the statute's requirements.  <u>Valentine Lumber & Supply Co. v. Thibeault</u>, 146 N.E.2d 349, 350 (Mass. 1957) (rejecting argument that "the recording of [a] bond to dissolve [the mechanic's] lien cured the failure to record the [complaint]").  To be clear, the Court does not intend to settle definitively the question of what is required for a copy of a complaint to qualify as "attested" for purposes of Mass. Gen. Laws ch. 254, § 5.  <u>See, e.g.</u>, <u>Commonwealth v. Leal</u>, 190 N.E.3d 1122 (Mass. App. Ct. 2022) (unpublished table decision) (finding "attestation only on the first page" of document "sufficient to meet the requirements of [Mass. Gen. Laws ch. 90, § 30] and [Mass. Gen. Laws 233, § 76]").  Rather, the Court holds only

that, in its view, a copy of a complaint that does not include a "written and signed certification that it is a correct copy," <u>Deramo</u>, 762 N.E. 2d at 821 (quoting <u>Henderson</u>, 778 F. Supp. at 277), is not an "attested copy" under Mass. Gen. Laws ch. 254, § 5.  This, in turn, means that Plaintiff's "lien shall be dissolved," Mass. Gen. Laws ch. 254, § 5, and that Count IV, through which Plaintiff seeks to enforce that lien, must be dismissed.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's partial motion to dismiss, [ECF No. 24], is **<u>GRANTED</u>**.

**SO ORDERED.**

November 10, 2025                                      */s/ Allison D. Burroughs*
                                                      ALLISON D. BURROUGHS
                                                      U.S. DISTRICT JUDGE